Pro Se 14 (Rev. 12/16) Amended Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of Montana

Helena Division

Jonathan Andrew Perfetto
AKA

Jonathan Andrew Klein Rabinowitz-Perfetto

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Correctional Officer Felix Cooper

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name *Jonathan Andrew Perfetto*

All other names by which you have been known: *Jonathan Andrew Klein Rabinowitz-Perfetto*

ID Number *3022186*

Current Institution *Montana State Prison*

Address *700 Conley Lake Rd.*

*Deer Lodge*          *MT*          *59722-8711*

City          State          Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name *FNU Cooper*

Job or Title *(if known)* *Corrections Officer*

Shield Number *Unknown*

Employer *Montana State Prison*

Address *700 Conley Lake Rd.*

*Deer Lodge*          *MT*          *59722*

City          State          Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name *N/A*

Job or Title *(if known)*

Shield Number

Employer

Address

City          State          Zip Code

☐ Individual capacity    ☐ Official capacity

Defendant No. 3

    Name                  N/A

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

                            *City*            *State*       *Zip Code*

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name                  N/A

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

                            *City*            *State*       *Zip Code*

    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☒ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    First and Fourteenth Amendments to the United States Constitution

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Amended Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.
N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.
See Attached

C.     What date and approximate time did the events giving rise to your claim(s) occur?

*See attached*

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

*See attached.*

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*Not Applicable*

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SWB                                                    Page 1 of 5

## Amended Statement of Claim
### With Legal Memorandum

1.      On or about July 5, 2019, defendant Corrections Officer FNU Cooper inventoried the plaintiff's possessions as he was replaced at in Pretrearing Confinement in the Special Adjustment Unit pending investigation for a PREA Complaint.

2.      On or about July 8, 2019, the plaintiff was reclassified from Minimum 1 to Max Level 3 custody temporarily until his PREA investigation was completed.

3.      When the plaintiff received his allowed property, his legal tote with approximately 1100 documents for Perfetto v. Max Cison, et. al. case no. 14-cv-356-AT in United States District Court - District of New

Page 2 of 5

Hampshire; United States Court of Appeals for

The First Circuit Case No. 18-1174; affirmed

October 2, 2019; hanflex folders of about 500

documents (Court filings, letters to counsel and

research for brief) Perfetto v. Celia Englander, MD

Case no. 217-2016-cv-00366 in Merrimack County

Superior Court; New Hampshire Supreme Court Case no. 2018-

5,735 documents in three boxes

0442 and affirmed on or about June 23 2019; and

Perfetto v. Helen Hanks, Commissioner New Hampshire

Department of Corrections case no. 16-cv-473-SM in

United States District Court - District of New

Hampshire.

4.    The Perfetto v. Marc Cosson, et al. case alleged

(1)

detoxing from the following medications: Risperadol - an

Page 3 of 5

antipsychotic, (2) Tegretol – a mood stabilizer (3) Pristiq and Pro – an antidepressant and (4) Buspar-air an antianxiety and (5) Depo Provera a drug for sex offender (chemical castration), resulting in loss of appetite and sleep, irritability and a hypermanic episode that lasted three-and-a-half months; as well as losing a lawsuit due to the statute of limitations expiring that alleged false arrest. (See Perfetto v. New Hampshire Department of Corrections, Commissioner, et al. 14 cv case no. 14-cv-481-TD in United States District Court District of New Hampshire for filing a false PREA report in October 2008 and was found consensual in May 2009, even though an inmate can not consent to

Page 4 of 5

sexual activity.

5    The false arrest lawsuit was sent to Hillsborough County Superior Court in Manchester, New Hampshire sometime in November 2009, while at Hillsborough County Jail and wanted to mail it certified, but was denied; even though the plaintiff had funds in his account and that court never received it.

6    The Perfetto v. Englander case alleged medical negligence in that on August 11, 2012, the plaintiff was rushed to Concord Hospital with 107.4 fever from having MRSA in his blood that caused sepsis. Two weeks prior Dr. Celia Englander diagnosed him with Cellulitis

6    Perfetto v. Helen Hanks, Commissioner New Hampshire

Page 5 of 5

Depat Department of Corrections case is the plaintiff's criminal appeal that alleged ineffective assistance of counsel.

Request For Relief

1.     The plaintiff seeks $23,500 in Compensatory Damages (500 pages of origional copies and research for the Perfetto v. Celia Englander, MD case @ $75/document (self made paralegal fee).

2.     Finally, the plaintiff seeks $75,000 in punitive damages for a grand total $98,500.

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Montana State Prison

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Loss of legal Note (only claim)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.     If you did file a grievance:

1.   Where did you file the grievance?

While in the Special Adjustment Unit

2.   What did you claim in your grievance?

That C/o Cooper - who inventoried my property - lost or misplaced my legal estate

3.   What was the result, if any?

~~Denied at first level. Note~~ First level not answered

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Filed second level and improperly not processed. Not Processed grievances cannot be appealed.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

    *Not applicable*

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    *Not Applicable*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *The second level grievance was not processed as I signed waiser of liability, & My ideology — was I'm only max custody temporarily and would report the legal tote missing when housed in my / new unit, which I did on 10/29 or 30 19.*

    *Wrote in Error, corrected on seperate page*

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

§VIII.
G.    Per Montana State Prison's grievance policy, when a first level grievance is is not ~~within~~ answered within twenty business days, the person answering the ~~grievance~~ grievance has an addition five business days to answer.

If not answered in twenty-five business days, I may file a second level grievance within five business days and attach the Pink "my copy" copy of the first level grievance.

My ~~Informal~~ first level grievance was filed on July 25, 2019. This means I should have gotten a response by September 1, 2019. I filed my second level grievance on September 5, 2019 which is within five business days. The second level grievance was improperly "Not Processed as untimely" by Grievance Coordinator Mark Lockerie.

Pro Se 14 (Rev. 12) Amended Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  Jonathan Andrew Perretto

Defendant(s)  Correctional Officer FNU Cooper

2.  Court *(if federal court, name the district; if state court, name the county and State)*

Deer Lodge District Court Powell County Montana

3.  Docket or index number

DV-22-64

4.  Name of Judge assigned to your case

Unknown

5.  Approximate date of filing lawsuit

July 22, 2022

6.  Is the case still pending?

☒ Yes

☐ No

If no, give the approximate date of disposition.

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Still pending

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
Plaintiff(s)   Jonathan Andrew Petretto
Defendant(s)   Bruce Cattell, Warden New Hampshire State Prison, et al.
continued on seperate sheet of paper

2.    Court *(if federal court, name the district; if state court, name the county and State)*
United States District Court District of New Hampshire

3.    Docket or index number
06-CV-307-SM

4.    Name of Judge assigned to your case
Steve McAuliffe

5.    Approximate date of filing lawsuit
November 5, 2006

6.    Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition   June 20, 2009

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* Dismissed, appealed and affirmed

Page 1 of 27

i. Corrections Officer FNU Ash
ii. Corrections Officer FNU Fedele
iii. Corrections Deny Charter
iv. Corrections Officer FNU Moyer
v. Corrections Officer John Doe
vi. Sergeant FNU Bell
vii. Sergeant FNU Washburn
viii. Unit Manager FNU Billideaux
ix. Case Counselor/Case Manager Robert
    McGrath
x. Corporal FNU O'Brien
xi. Correctional Officer Michaud
xii. Corporal FNU Brown
xiii. Correctional Officer Marsh
xiv. Correctional Officer FNU Edsil
xv. Correctional Officer FNU Wheeler
xvi. Sergeant FNU Edmark
xvii. Unit Manager FNU Moquin
xviii. Corporal FNU Gauthier
xix. Correctional Officer FNU Parent
xx. Correctional Officer Isabelle
xxi. Correctional Officer FNU Flynn
xxii. Field Training Officer FNU Isman
xxiii. Corporal FNU Valente
xxiv. Corrections Officer FNU Perron
xxv. Corrections Officer FNU Leitner

    XXVii. Corporal FNU Mosher
    XXViii. Corrections Officer FNU Mallette

Second Lawsuit
    1. Parties to Previous lawsuit
    2. Plaintiff(s): Jonathan Andrew Perfetto
    Defendant(s) Superintendent James O'Mara
    ii. Assistant Superintendent Dave Dionne
    iii. Field Training Officer FNU Ellis
    iv. Corrections Officer FNU Lucas
    v. Corrections Officer FNU Crowell
    vi. Corrections Officer FNU Goodyenez
    vii. Corrections Officer FNU Price
    viii. Corrections Officer FNU Sappyenzza
    ix. Corrections Officer FNU Goulding
    x. Lieutenant FNU Boyer
    xi. Chief of Security Captain Gifford Hiscoe
    xii. Chief of Operations Captain Marc Cusson
    xiii. Medical Administrator Denise Ryan
    xiv. Medical Director Bill Fuller
    xv. Dr. FNU Turnball
    xvi. Dr. Matthew Masewic
    xvii. Lieutenant FNU Robbins
    xviii. Sergeant FNU Brown
    xix. Lieutenant FNU Reilly
    xx. Corrections Officer FNU Plumpton

Page 3 of 27

xxi. Field Training Officer FNU Mackey
xxii. Mental Health Clinician Christine Melnick
xxiii. Corrections Officer John Doe
xxiv. Field Training Officer John Doe
xxv. Sergeant John Doe
xxvi. Mail Clerk Jane Doe x2
xxvii. Walter Alexis
xxviii. Paul Dimmick

2. Court
United ~~District~~ states District Court District of New Hampshire

3. Docket or index number
12-cv-393-IL & 14-cv-565-AJ

4. Name of Judge assigned to the case
Joseph ~~LaPla~~ Laplante & Andrea Johnstone

5. Approximate date of filing lawsuit
October 12, 2012 & December 20, 2014

6. Is the case still pending
No
If no, give the approximate date of disposition

Octob 2, 2019

7. What was the result of the case?
~~Dismiss~~ RLUIPA claim ~~settled~~ withdrew
staff assault claim. All other claims
dismissed and appealed. This was
affirmed

Third lawsuit

1. Parties in previous lawsuit
   Plaintiff(s): Jonathan Andrew Perlette
   Defendant(s): New Hampshire Department
   of Corrections Commissioner
   ii. New Hampshire State Prison Investi-
   gations Bureau
   iii. New Hampshire State Police

2. Court
   United States District Court - District of
   New Hampshire

3. Docket or index number
   14-cv-481-JD

4. Name of Judge assigned to your case

Page 5 of 27

#4 Joseph Di Clerico

5. Approximate Date of filing lawsuit
   December 12, 2014

6. Is the Case still pending?
   No
   If no give the approximate date of
   disposition
   February 3, 2015

7. What was the result of the case?
   Dismissed at the statute of limitations
   expired. I did not appeal

Fourth Lawsuit

   1. Parties to the previous lawsuit
      Plaintiff(s) Jonathan Andrew Perfetto
      Defendant.(s) Commissioner William Wrenn
      ii. Commissioner Designee Christopher H.
          Kench
      iii. Classifications Director Kim La Casse
      iv. Former Medical and Forensics Services
          Director Helen Hanks
      v. Former Northern New Hampshire

Page 6 of 27

Correctional Facility Warden Ed Reilly

vii. Northern New Hampshire Correctional Facility Chief of Security FNU Lamberteon

viii. Northern New Hampshire Correctional Facility Shift Commander Lieutenant FNU Bolla

viii. Northern New Hampshire Correctional Facility Lieutenant FNU ~~Betty~~ Masse

ix. Northern New Hampshire Correctional Facility Corporal John Doe

x. Northern New Hampshire Correctional Facility Sergeant John Doe

xi. Northern New Hampshire Correctional Facility Correctional Officer John Doe

xii. Northern New Hampshire Correctional Facility Correctional ~~Facilit~~ Officer Jane Doe

xiii. Northern New Hampshire Correctional Facility Hearings Officer FNU Fortier

xiv. Northern New Hampshire Correctional Facility Case Counselor/Case Manager Angela Watson

xv. Northern New Hampshire Correctional Facility Case Counselor/Case Manager Sue Perrault

xvi. New Hampshire State Prison Warden

Page 7 of 27

Richard Gerry

xvii. New Hampshire State Prison Chief Of Security Jon Fouts

xviii. New Hampshire State Prison Reception & Diagnostics Unit Manager Kathleen Anderson

xix. New Hampshire State Prison Lieutenant John Morin

xx. New Hampshire State Prison Hearings Officer FNU Hickman

xxi. Special Housing Unit Captain Ron Gagliardi

xxii. Special Housing Unit Joe Michael

xxiii. New Hampshire State Prison Sergeant FNU Marshall

xxiv. New Hampshire State Prison Corporal Scott Towers

xxv. New Hampshire State Prison Corporal Craig Orlando

xxvii New Hampshire State Prison Correctional Officer FNU Nemonowski

xxvii. New Hampshire State Prison Correctional Officer FNU Welch

xxviii New Hampshire State Prison Correctional Officer FNU Avlis

xxix. New Hampshire State Prison Case Counselor/Case Manager Tara Whiting

Page 8 of 27

XXX. Secure Psychiatric Unit Administrator Kevin Stevenson

XXXi. Secure Psychiatric Unit Manager Paul B. Cascio

XXXii. Secure Psychiatric Unit Sergeant FNU Brown

XXXiii. Secure Psychiatric Unit Sergeant Eric Barboro

XXXiv. Secure Psychiatric Unit Corporal Stacie LaMontagne

XXXV. Secure Psychiatric Unit Corporal FNU Coreless

XXXVi. Secure Psychiatric Unit Sergeant FNU Carver

XXXVii. Secure Psychiatric Unit Corporal FNU Fleury

XXXViii. Secure Psychiatric Unit Corporal FNU Kimball

XXXiX. Secure Psychiatric Unit Property Officer Jeff Dionne

Xl. Secure Psychiatric Unit Correctional Officer FNU Murray

Xli. Secure Psychiatric Unit Correctional Officer FNU Densmore

Xlii. Secure Psychiatric Unit Correctional Officer FNU Bernstein

xliii.    New Hampshire State Prison
         Eye Physician Celia Englander
xliv.   New Hampshire State Prison Health
         Services Officer Center Nurse Chris
         LNU
xlv.   Former New Hampshire State Prison
         Physician John Eppolito
xlvi.   New the Secure Psychiatric Unit
         Correctional Officer Ed Kirraine
xlvii.

2. Court
   United States District Court-District
   of New Hampshire

3. Docket or index number
   15-cv-244-JL

4. Name of Judge assigned to the Case
   Joseph LaPlante

5. Approximate Date of Filing Lawsuit
   April 14, 2015

6. Is the case still pending?
   No
   If no, give the approximate date of
   disposition
   December 30, 2015

7. What was the result of the case
   All claims except my medical claim
   was dismissed. The medical claim was
   dismissed without prejudice to refile
   in state court of competent jurisdiction

Fifth Lawsuit

1. Parties to the previous lawsuit
   Plaintiff(s): Jonathan Andrew Perfetto
   Defendant(s): William E. Bennett, Sr.
   & Jacquelin A. Bennett

2. Court
   United States District Court - District of
   New Hampshire

3. Docket or index number
   15-cv-345-PB

4. Name of Judge assigned to the case
   Paul Barbadoro

5. Approximate date of filing lawsuit
   July 15, 2015

6. Is the case still pending
   No

Page 11 of 27

If no, give the approximate date of
disposition
  December 24, 2015


7. What was the result of the case?
   Dismissed for lack of jurisdiction. I
   did not appeal


Sixth Lawsuit


1. Parties to Previous lawsuit
   Plaintiff(s): Jonathan Andrew Perfetto
   Defendant(s): Secure Psychiatric Unit
    Unit Manager Paul S. Cascio
   i. iv. Secure Psychiatric Unit Sergeant FNU
    Brown
   iii. Secure Psychiatric Unit Sergeant Eric
    Barbour
   iv. Secure Psychiatric Unit Sergeant FNU
    Cormier
   v. Secure Psychiatric Unit Corporal Stacie
    La Montagne
   vi. Secure Psychiatric Unit Corporal FNU
    Coreless
   vii. Secure Psychiatric Unit Corporal FNU
    Fleury
   viii. Secure Psychiatric Unit Corporal FNU
    Kimball

ix. Secure Psychiatric Unit Correctional
Officer FNU Bernstein

x. Secure Psychiatric Unit Correctional
Officer Ed Kirraine

xi. New Hampshire State Prison Canteen
Officer FNU Strople

xii. New Hampshire State Prison Canteen
Supervisor Ed Hagar

xiii. New Hampshire State Prison Warden
Richard Gerry

xiv. New Hampshire Department of Corrections
Commissioner Designee Director Chris
Kench

2. Court
Merrimack County Superior Court
New Hampshire

3. Docket or index number
2015-cv-00397

4. Name of Judge assigned to case
Varied

5. Approximate date of filing lawsuit
July 27, 2015

6. Is the case still pending

No.

If no give the approximate date of disposition
September 30, 2016

7. What was the result of the case?
Case was dismissed for lack of prosection.

Seventh Lawsuit

1. Parties to previous lawsuit
Plaintiff(s): Jonathan Andrew Perfetto
Defendant(s): Celia Englander, MD

2. Court
Merrimack County Superior Court  New
Hampshire

3. Docket or index number
2016-cv-00356

4. Name of Judge assigned to the case
Varies

5. Approximate date of filing lawsuit
June 10, 2016

6. Is the case still pending?

No

If no, give the approximate date of
disposition
June 21, 2018

7. What was the result of the case
Dismissed as statute of limitations expired I
appealed and was affirmed

Eighth Lawsuit

1. Parties to the previous lawsuit
   Plaintiff(s): Jonathan Andrew Perfetto
   Defendant(s): New Hampshire Department of
   Corrections Commissioner, Helen Hanks
   ii. Former New Hampshire Department of
   Corrections Commissioner William Wrenn
   iii. New Hampshire Department of Corrections
   Director Christopher H. Kench
   iv. New Hampshire Department of Corrections
   Special School District Principal Fitz Davis
   v. New Hampshire Department of Corrections
   Special School District Director Kim
   McKay
   vi. Medical and Forensics Services Director Paula
   Mattis
   vii. Medical and Forensics Services Deputy Director
   Heidi Guinnen

VIII. New Hampshire State Prison Interstate Compact Coordinator Jane Doe

IX. Secure Psychiatric Unit Unit Manager Captain FNU Marshal

X. Secure Psychiatric Unit Acting Lieutenant Eric Barbero

XI. Secure Psychiatric Unit Sergeant FNU Carver

XII. Secure Psychiatric Unit Corporal FNU Murray

XIII. Secure Psychiatric Unit Corporal Stacie LaMontagne

XIV. Secure Psychiatric Unit Nursing Supervisor Ann-Marie LNU

XV. Secure Psychiatric Unit Administrator Debbie Robinson

XVI. Residential Treatment Unit Mental Health Clinician Lindsey Jordan

XVII. Former New Hampshire State Prison Warden Michael Zenk

XVIII. New Hampshire State Prison Unit Manager Robert McGrath

XIX. New Hampshire State Prison Lieutenant Jim Brown

XX. New Hampshire State Prison Corporal Mark Kimball

XXI. New Hampshire State Prison Corporal FNU Kratovil

xxii. New Hampshire State Prison Captain
FNU Edmark

xxiii. New Hampshire State Prison
Corporal John/Jane Doe

xxiv. New Hampshire State Prison Gerald
Williams

xxv. New Hampshire State Prison Sergeant FNU
Bettens

xxvi. New Hampshire State Prison Sergeant
FNU Wilcox

xxvii. New Hampshire State Prison Corrections
Officer FNU LaMontagne

xxviii. New Hampshire State Prison Librarian John
Perkins

xxix. Career & Technology Programs Director
Jay Nagy

xxx. New Hampshire State Prison Case
Counselor/Case Manager Glen Matthews

xxxi. New Hampshire State Prison Case Counselor/
Case Manager Joseph Irriziary

xxxii. New Hampshire State Prison Medical
Records Director Traci Gusterrette

xxxiii. New Hampshire State Prison Medical Records
Clerk John/Jane Doe

xxxiv. Montana State Prison Medical Records Clerk
Amy E. LNU

xxxv. New Hampshire State Prison Inmate Accounts
Clerk Jane Doe

xxxvi. New Hampshire State Prison Offender
      Records Clerk Cindy Crompton

xxxvii. New Hampshire State Prison
       Offender Records Clerk FNU Drury

xxxviii. New Hampshire State Prison
        Offender Records Clerk John/Jane
        Doe x2

xxxix. New Hampshire State Prison
      Warehouse Supervisor John/Jane Doe

xl. Former New Hampshire Correctional
    Facility Michelle Goings

xli. Northern New Hampshire Correctional
     Facility Chief of Security Jon Smith

xlii. Northern New Hampshire
      Correctional Facility Lieutenant
      John/Jane Doe

xliii. Northern New Hampshire Correctional
       Facility Sergeant FNU Swett

xliv. Northern New Hampshire Correctional
      Facility Hearings Officer FNU Foster

xlv. Northern New Hampshire Correctional
     Facility Media Generalist Angela Bodin

xlvi. Northern New Hampshire Correctional
      Facility Programs Administrator John/
      Jane Doe

xlvii. Northern New Hampshire Correctional
       Facility Psychiatrist Dr. Garret Graves

xlviii. Northern New Hampshire Correctional

Facility Mental Health Clinician Charlene
Nickerson
xlix. Montana Department of Corrections
Director Reginald Michael
L. Montana Department of Corrections
Warden Lyn Guyer

2. Court
~~New Hampshire Department of Corrections~~
United States District Court - District
of New Hampshire

3. Docket or index number
18-cv-554-SE

4. Name of Judge Assigned to case
Summantha D. Elliot

5. Approximate Date of Filing Lawsuit
June 13, 2022

6. Is the case still Pending?
Yes

7. What was the result of the case
Still Active

Ninth Lawsuit

Page 19 of 27

1. Parties to Previous lawsuit
   Plaintiff(s): Jonathan Andrew Perletto
   Defendant(s): New Hamp Residential
   Dis Treatment Unit Sergeant FNU
   Wilcox
   ii. New Hampshire State Prison Corporal
       FNU Mark Kimball
   iii. New Hampshire State Prison Corporal
        FNU Kratovil

2. Court
   i) United States District Court - District
   of New Hampshire

3. Docket or index number
   20-CV-525-SM

4. Name of Judge assigned to the case
   Stephen    McAuliffe

5. Approximate date of filing lawsuit
   May 3, 2020

6. Is the case still pending?
   Yes

7. What was the result of the case?
   This lawsuit was severed from 18cv-554

SE during preliminary review on April 27,
2020 and is waiting preliminary review

Tenth lawsuit

1. Parties to the previous lawsuit
   Plaintiff(s) Jonathan Andrew Perfetto
   Defendant(s) New Hampshire State Prison and
   /or Secure Psychiatric Unit John/Jane Doe
   ii. New Hampshire State Prison and/or Secure
   Psychiatric Unit Medical Provider John/Jane
   Doe

2. Court
   United States District Court - District of
   New Hampshire

3. Docket or index number
   20-cv-526-JD

4. Name of Judge assigned to case?
   ~~This lawsuit was severed from 18-cv-541~~
   ~~SE during preliminary review on April 27 2020~~
   ~~and is waiting preliminary review~~
   Joseph Di Clerico

5. Approximate Date of Filing lawsuit
   May 3, 2020

6. Is the case still pending?
Yes

7. What was the result of the case?
This lawsuit was severed from 18-cv-554-
SE during preliminary review on April 27 2020
and is awaiting preliminary review

Eleventh Lawsuit

1. Parties to previous lawsuit
Plaintiff(s) Jonathan Andrew Rafetto
Defendant(s): Northern New Hampshire
Correctional Facility Psychiatrist Dr. Garret
Graves
ii. New Northern New Hampshire Correctional
Facility Mental Health Clinician Charlene
Nickerson

2. Court
United States District Court-District of
New Hampshire

3. Docket number or index number
20-cv-5287-II

4. Name of Judge assigned to case
Joseph La Plante

Page 22 of 27

5. Approximate date of filing lawsuit
   May 3, 2020

6. Is the case still pending?
   Yes

7. What was the result of the case?
   This lawsuit was severed from 18 cv-
   554-SE during preliminary review on April
   27, 2020 and is awaiting preliminary review

Twelfth Lawsuit

1. Parties to previous lawsuit
   Plaintiff(s): Jonathan Andrew Perfetto
   Defendant(s) Northern New Hampshire
   i. Correctional Facility Media Generalist Angela
      Poelin
   ii. Northern New Hampshire Correctional Facility
       Captain FNU Smith
   iii. Northern New Hampshire Correctional
        Facility FNU Swett

2. Court
   United States District Court District of
   New Hampshire

3. Docket or index number

Page 23 of 27

20-cv-528-PB

4. Name of Judge assigned to this case
   Paul Barbadoro

5. Approximate date of filing lawsuit
   May 3, 2020

6. Is the case still pending?
   Yes

7. What was the result of the case
   This lawsuit was severed from 18-cv-584-SE
   during preliminary review on April 27, 2020 and
   is awaiting preliminary review

Thirteenth lawsuit

1. Parties of previous lawsuit
   Plaintiff(s) Jonathan Andrew Briette
   Defendant(s) Case Counselor/Case Manager
   Christine Bump
   ii. Legal Counsel for the State of New Hampshire
   Department of Corrections John/Jane Doe
   iii. New Hampshire State Prison Interstate
   Compact Coordinator John/Jane Doe
   iv. The New Hampshire Department of Corrections
   Parole Board Member Horace F. Enriques

Page 24 of 27

v. New Hampshire State Prison Education Director Laura Hardwick

vi. New Hampshire Department of Corrections Director Christopher H. Kench

vii. Case Counselor/Case Manager Joseph Tortziary

viii. New Hampshire Department of Corrections Medical and Forensic Services Director Paula Mattis

ix. New Hampshire Department of Corrections Commissioner Helen Hanks

x. New Hampshire Department of Corrections Parole Board Member Roger Phillips

xi. New Hampshire Department of Corrections Parole Board Member Jennifer Sargent

2. Court
United States District Court District of New Hampshire

3. Docket or index number
22-cv-128-TL

4. Name of Judge assigned to case
Joseph La Plante

5. Approximate date of filing lawsuit
April 27, 2022

6. Is the case still pending?
   Yes

7. What was the result of the case?
   waiting preliminary review

Four teenth Lawsuit

1. Parties to previous lawsuit
   Plaintiff(s): Jonathan Andrew Perfecto
   Defendant(s): Residential Treatment
   Unit Mental Health Clinician Linsey
   Jordan.
   ii. Secure Psychiatric Unit Administrator
   Debbie Robinson
   iii. New Hampshire Department of
   i. Corrections Medical and Forensic
   Services Paula Mattis

2. Court
   Concord District Court  Merrimack
   County Sta New Hampshire

3. Docket or index number
   don't recall

4. Name of Judge assigned to case
   Do not recall

5. Approximate date of filing lawsuit
September 13, 2020

6. Is the case still pending
No

If no give the approximate date of
resolution
December 20, 2020

7. What was the result of the case
The case was dismissed due to I
should have filed a claim using the New
Hampshire Department of Corrections
claims process. I did not appeal

Fifteenth Lawsuit.

1. Parties to the previous lawsuit
Plaintiff(s): Jonathan Andrew Pedette
Defendant(s): Montana State Prison Sergeant
FNU McDonald

2. Deer Lodge District Court Powell County
Montana

3. Docket or index number
DV-22-07

4. Name of Judge Assigned to case
   Unknown as I have not had a hearing
   scheduled

5. Approximate date of filing lawsuit
   April 14, 2022

6. Is the case still pending?
   Yes

7. What was the result of the case?
   Waiting a court date

Pro Se 14 (Rev. 12/16) Amended Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _October 20, 2022_

Signature of Plaintiff

Printed Name of Plaintiff _Jonathan Andrew Pentalto_

Prison Identification # _3022186_

Prison Address _700 Conley Lake Rd_

_Deer Lodge_          _MT_          _59722_
     City          State          Zip Code

### B.    For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
     City          State          Zip Code

Telephone Number _____

E-mail Address _____