IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JONATHON ANDREW PERFETTO,<br><br>Plaintiff,<br><br>vs.<br><br>FNU COOPER,[1]<br><br>Defendant. | CV 22-55-H-SEH<br><br><br><br>ORDER |

On October 21, 2022, Plaintiff Jonathon Andrew Perfetto ("Perfetto") filed an amended 42 U.S.C. § 1983 civil rights complaint[2] alleging defendants violated his rights under the First and Fourteenth Amendments by denying him access to the courts.[3]

## I. STATEMENT OF THE CASE

Perfetto names Montana State Prison Correctional Officer Cooper ("Cooper") as a defendant, and that his right of access to the courts was denied when Cooper lost his legal tote, two flex folders, and three computer boxes containing exhibits for his appellate actions.[4] The events in question occurred

---

[1] The Court presumes "FNU" stands for First Name Unknown. See e.g., (Doc. 2 at 2.)
[2] Doc. 11.
[3] *See* Doc. 11.
[4] Doc. 11 at ¶ 3.

between July 5, 2019, and July 14, 2019.[5] Perfetto also claims he had several different appellate actions pending at that time.[6]

## II. INITIAL SCREENING

A complaint must be screened before service to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[7] It is frivolous if it "lacks an arguable basis either in law or in fact."[8] It is malicious if not pleaded in good faith,[9] and it fails to state a claim upon which relief may be granted if it fails to allege the "grounds" for plaintiff's "entitlement to relief."[10]

Fed. R. Civ. P. 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11]

---

[5] Doc. 11 at ¶¶ 1, 2.
[6] Doc. 11 at ¶ 3.
[7] 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).
[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[9] *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

2

It "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,"[12] and must cross "the line from conceivable to plausible."[13]

"A document filed *pro se* is 'to be liberally construed.'"[14] A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[15]

## III. ANALYSIS

Perfetto's amended complaint violates Fed. R. Civ. P. 8. It fails to properly plead standing. General and conclusory allegations are insufficient to state a claim for relief.

Standing is essential to assert a denial of access to the courts. An inmate must show "actual injury," and must demonstrate that official acts or omissions "hindered his efforts to pursue a [non-frivolous] legal claim,"[16] must establish that he has suffered an actual injury,[17] i.e., "actual prejudice with respect to

---

[12] Fed. R. Civ. P. 8(a)(2).
[13] *Iqbal*, 556 U.S. at 680.
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").
[15] *Id.*
[16] *Lewis v. Casey*, 518 U.S. 343, 353 n 3 (1996).
[17] *Lewis*, 518 U.S. at 349; *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999).

3

contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[18]

Moreover, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which the inmate was denied access.[19] "The injury requirement is not satisfied by just any type of frustrated legal claim"; prisoners have a right to access to the courts only in relation to direct appeals from convictions for which the inmate was incarcerated, in habeas petitions, or in civil rights actions challenging the conditions of confinement.[20]

The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[21] Moreover, the right of access is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court.[22]

---

[18] *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted).
[19] *Silvia v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *see also Lewis*, 518 U.S. at 349.
[20] *Lewis*, 518 U.S. at 354–55.
[21] *Id.* at 356.
[22] *Id.* at 354–55.

Perfetto generally alleges that he was denied access to the courts when Cooper allegedly misplaced and/or lost some of his legal materials for three cases: (1) *Perfetto v. Cuson et al.*, Case No: 14-cv-556-AJ (D. N.H.); (2) *Perfetto v. Hanks*, Case No: 16-cv-473-SM (D. N.H.); (3) *Perfetto v. Englander, M.D.*, Case No: 2016-cv-0366 (Merrimack County Superior Court).[23] He also suggests that acts of Cooper caused him to miss deadlines in these three legal matters. However, he does not allege "actual injury," doesn't specify what deadlines were missed, why he missed the deadlines, how the defendant caused him to miss deadlines, or how he was injured by failure to meet deadlines.

Perfetto also alleges that when Cooper lost his legal material, he (Perfetto) was unable to file a petition for a writ of certiorari with the Supreme Court of the United States in *Perfetto v. Cuson et al.* and *Perfetto v. Englander, M.D.*,[24] because he "did not have the necessary documents to do so or the funds to obtain them."[25]

Perfetto's allegation lacks requisite specificity. Sup. Ct. R. 13(1) requires, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is

---

[23] Doc. 11 at ¶ 3.
[24] Doc. 11-1 at 3.
[25] Doc. 11-1 at 3.

5

timely when it is filed . . . *within 90 days after entry of judgment.*"[26] Perfetto does not allege whether a final judgement was entered in *Perfetto v. Cuson et al.* or *Perfetto v. Englander, M.D.*, making him eligible to file a petition for a writ of certiorari.[27] Moreover, no final judgment was alleged. "[A]ctual injury" has not been properly alleged.

Additionally, Perfetto alleges that because Cooper lost his legal material in *Perfetto v. Hanks* he was "impeded, frustrated and/or stymied in that he could not file a FRCP 60(b)(5) motion until the Court Ordered former counsel to remail the 5,735 documents for this case in November or December 2019."[28]

Perfetto has not alleged "actual injury" suffered because of action by Cooper in *Perfetto v. Hanks*. He admits he did file a Fed. R. Civ. P. 60(b)(5) motion after he received his "lost" documents. He was not prevented from accessing the courts. He fails to assert how filing this motion at a later date caused him harm.[29] A delay in filing a Rule 60(b)(5) motion is not enough to claim "actual injury".

## IV. CONCLUSION

---

[26] Sup. Ct. R. 13(1) (emphasis added).
[27] Sup. Ct. R. 13(1).
[28] Doc. 11-1 at 3–4.
[29] Fed. R. Civ. P. 60(b)(5) (motion must be filed "within a reasonable time").

Perfetto's allegations are not entitled to the assumption of truth. His filing contains no "factual content that allows the court to draw the reasonable inference," that defendants violated his First and Fourteenth Amendment rights to access the courts.[30]

**ORDERED:**

1. The Amended Complaint[31] is **DISMISSED**.

2. The Clerk of Court is directed to close this matter and enter judgment in accordance with Fed. R. Civ. P. 58.

3. Dismissal of this action counts as a **STRIKE** against Perfetto.[32]

DATED this 13th day of March, 2023.

Sam E. Haddon
United States District Court Judge

---

[30] *Iqbal*, 556 U.S. at 678.
[31] Doc. 11.
[32] 28 U.S.C. § 1915(e)(2)(B)(ii); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011).

7